**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4511**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRAD LAKENRICK CHAMBERS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
District Judge. (CR-04-17)

―――――――――

Submitted: June 22, 2005          Decided: August 12, 2005

―――――――――

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Brad Lakenrick Chambers pled guilty to the first two counts of a four-count indictment. Count One alleged that Chambers and others conspired and possessed with the intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000) and in violation of 21 U.S.C. § 846 (2000). Count Two alleged that on or about October 10, 2003, Chambers, during and in relation to a drug trafficking crime (drug conspiracy), did knowingly carry a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2) (2000).

Subsequent to his guilty plea, the Government filed a motion pursuant to 18 U.S.C. § 3553(e) and the U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2003) requesting that Chambers receive a twenty-five percent reduction in his sentence based on his substantial assistance to Government agents. Following the preparation of a presentence report by the probation officer, the district court held a sentencing hearing on June 14, 2004. The presentence report held Chambers responsible for three kilograms of cocaine hydrochloride. The presentence report recommended a base level offense of twenty-eight, that the total offense level after a reduction for acceptance of responsibility be twenty-five, and a criminal history category of II, based on a total of two criminal history points.

- 2 -

At sentencing, the court noted that the guideline range for Chambers would ordinarily be a minimum of 123 months, but in light of his cooperation, the court sentenced him to ninety months. The court sentenced Chambers to thirty months' imprisonment for Count One and sixty months' imprisonment for Count Two, to run consecutively to the sentence imposed on Count One. Chambers timely filed a notice of appeal.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Chambers asserts that his sentence is unconstitutional.[*] Because Chambers did not object to his sentence in the district court based on Blakely or United States v. Booker, 125 S. Ct. 738 (2005), this court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Chambers must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

Against this background, Chambers appeals his base level offense of twenty-eight because the indictment alleged only 500

---

[*]Chambers does not challenge his conviction on appeal.

grams of cocaine hydrochloride. There is no Sixth Amendment violation, however, when a district court relies on facts to which the defendant agrees. See Blakely, 124 S. Ct. at 2537, quoted in Booker, 125 S. Ct. at 749 ("the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*") (emphasis in original). At the change of plea hearing, Chambers agreed to the Government's factual summary, which included statements that Chambers and his co-conspirator (1) had enough money for three kilos and (2) wanted to purchase five kilos a week. At sentencing, counsel for Chambers stated that his client had no factual objections to the presentence report, which referenced the three kilogram amount. Thus, the first prong of the plain-error test is not satisfied, because Chamber's sentence was not enhanced as a result of judicial findings that went beyond the facts admitted by Chambers.

Chambers also challenges his criminal history category under Blakely, asserting that the factual findings necessary to apply the guidelines' criminal history provisions make those provisions very different from the simple finding of the fact of a conviction. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

- 4 -

proved beyond a reasonable doubt." Id. at 490. In Booker, the Supreme Court reaffirmed its holding in Apprendi. See Booker, 125 S. Ct. at 756 (Stevens, J., opinion of the Court). The district court's assessment of criminal history points in this case was based on the summary of the convictions in the presentence report, to which Chambers did not object.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED